BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

DAMALI A. TAYLOR (CABN 262489)
ANDREW M. SCOBLE (CABN 124940)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-6401/7249
   FAX: (415) 436-7234
   Email: damali.taylor@usdoj.gov
          andrew.scoble@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-0159 WHA |
| Plaintiff, | [~~PROPOSED~~] ORDER REMANDING DEFENDANT TO CUSTODY |
| v. | |
| MILAGRO MORAGA, | |
| Defendant. | |

The Court held a hearing on this case on January 17, 2017. The defendant appeared with counsel, Assistant Federal Public Defender Carmen A. Smarandoiu. The government was represented by Assistant U.S. Attorney Andrew M. Scoble. U.S. Pretrial Services ("PTS") Officer Gelareh Farahmand appeared and addressed the Court.

By way of background, in May 2016 the Court released the defendant on conditions that included drug treatment and testing at New Bridge Foundation. Following compliance issues at New Bridge Foundation, the Court later agreed to the defendant's continued release pursuant to her placement at a non-contracted program, Options. Because it is a non-contracted program, Options is not obligated

to notify PTS promptly of violations by releasees.  On or about December 21, 2016, this Court held a status hearing at which PTS and the parties discussed certain ongoing violations by the defendant.  The Court put the matter over for further hearing on January 17, 2017.  However, at the December 21, 2016 hearing, the Court warned the defendant that any further violation of release conditions would result in a remand to custody.  The Court also requested that the defendant obtain a letter from Options reporting how the defendant was doing in their program.

Shortly before the hearing on January 17, 2017, PTS Officer Farahmand notified the Court that PTS had recently learned, through its own initiative, that the defendant tested positive for methamphetamine use several days after New Year's Eve 2016.  Further, PTS Officer Farahmand notified the Court that the defendant was claiming that it was a false positive caused by inhaling secondhand smoke from her friends on New Year's Eve, who were methamphetamine users.  The PTS Officer added that the defendant had provided a letter from Options stating that she was doing fine in the program, when in fact that was not the case.

At the January 17, 2017 hearing, through her counsel, the defendant provided explanations for some of the reported conduct.  For instance, she explained that she had simply requested a letter from Options, without input as to its contents, and had then provided the letter that Options produced.  However, the defendant conceded that she had used methamphetamine, and she withdrew the claim that the positive test was caused by secondhand smoke.

Having considered the evidence and information at the hearing, and consistent with its prior order, the Court finds that the defendant has violated the conditions of her pretrial release, and so orders her to be remanded into custody.  The Court agrees with the PTS Officer and finds that, under current circumstances, no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  18 U.S.C. § 3142(e). Under the circumstances at present, the defendant is not amenable to supervision.

On last point bears note.  The Court believes that a certain period in custody, perhaps approximately thirty (30) days, may well suffice to impress upon the defendant the significance of complying with the conditions of release.  Accordingly, the Court is willing to entertain a future release proposal by the defense, provided it sets forth a sufficient change in circumstances justifying release –

and incorporates appropriate conditions ensuring compliance with the Court's orders.

Accordingly, pursuant to 18 U.S.C. § 3142(i), THE COURT ORDERS that:

(1) The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: January 18, 2017

_____
HON. SALLIE KIM
United States Magistrate Judge

ORDER REMANDING TO CUSTODY			3
CR 16-0159 WHA